NEAL *v*. BRANDON.

Opinion delivered January 4, 1902.

1. LANDLORD'S LIEN—PURCHASER WITH NOTICE.—One who purchases a tenant's crop under circumstances that would put him on notice of his landlord's lien for supplies takes subject thereto.   (Page 81.)

2. ERRONEOUS INSTRUCTION—PRESUMPTION.—An erroneous instruction will be presumed on appeal to be prejudicial unless the contrary is shown.   (Page 82.)

3. LANDLORD AND TENANT—WHEN RELATION EXISTS.—The relation of landlord and tenant exists between a landowner and· a person contracting to cultivate his land and pay a part of the crop as rent, the landowner agreeing to furnish certain supplies to be paid for out of the residue of the crop after paying the rent.   (Page 82.)

4. LANDLORD'S LIEN—CONSTRUCTION OF STATUTES.—Sand. & H. Dig., § 4793, gives to a landlord a lien on the crop raised on his land for supplies furnished to an employee, but § 4795, *ib.*, gives him a lien for supplies furnished to either a tenant or an employee. (Page 82.)

5. · STATUTE OF FRAUDS—INSTRUCTION.—Where there was evidence, in a suit to hold a landlord liable on an oral contract for supplies furnished to his tenant, that the goods were not originally sold on the credit of the landlord, but on the credit of the tenant, the landlord being simply a surety, it was error to refuse to instruct that no person could be charged upon any special promise to answer for the debt of another unless the promise was in writing and signed by the party to be charged therewith.   (Page 82.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

STATEMENT BY THE COURT.

This was a suit by Brandon & Baugh, mortgagees, to replevy some mules.   The answer and amended answer and cross complaint denied any indebtedness under the mortgage, and claimed that appellees owed appellant a small amount.

Appellees contended that appellant, Neal, the mortgagor, was indebted to them not only on his own account, but that he was

also liable on his mortgage for the account of one Tom Hall, a tenant, whom they had furnished at appellant's request, and they produced testimony tending to support their contention. Appellant contended that the mortgage had been paid; that he was not liable for the account of Tom Hall with appellees; that Tom Hall was his tenant, and, as such, was indebted to him for rents and supplies; that appellees, having received the crop of Tom Hall knowing that he was tenant of appellant, were liable to appellant for so much of the crop in their hands as might be necessary to pay appellant the amount of the rents and supplies due him from his tenant; that, taking what appellant had paid appellees on his own account and what they owed him out of the proceeds of the crop of Tom Hall, appellant's mortgage had been paid, and appellees were indebted to him in a small sum. He further contended that appellees had sold Hall goods on his own responsibility and on his individual mortgage to them; that there was no written agreement or promise of appellant to answer for Hall's debt, and that he was consequently not liable therefor. Appellant produced proof also to support his contention.

Appellant presented his request for instructions as follows:

"1. If defendant, Neal, rented land in Lee county, Ark., to Tom Hall, to make a crop of cotton and corn in the year 1898, and it was stipulated in the contract that said Neal should receive his rent by becoming the owner of an undivided interest in the crop, the relation of landlord and tenant existed as to the premises, and the parties were tenants in common of the crop. (2.) If defendant, Neal, agreed to furnish Tom Hall with land, two mules and eighty-eight bushels of corn, and the latter agreed to do the work to make a crop, of which they were to be the tenants in common, then Tom Hall was an employee of said Neal within the meaning of the act of April 6, 1885, which gives a landlord a lien on the crop raised on the premises for advances to his tenant or employee of any necessary supplies, either of money, provisions, clothing, stock or other necessary articles. (3.) Under the act of March 21, 1883, a landlord may waive his lien for advances to an employee only by written indorsement upon the mortgage or other instrument by which the employee transfers his interest in the crop. (4.) No person could be charged upon any special promise to answer for debt, default, or miscarriage of another, unless the promise or agreement is in writing or signed by the party to be charged therewith." These were refused.

"At the conclusion of the argument the court instructed the jury that defendant, Neal, was not entitled to the credit claimed by him on his own account with Brandon & Baugh for the value of the mules and corn furnished by him to Tom Hall to make a crop."

"The court also instructed the jury that if the goods furnished by Brandon & Baugh to Tom Hall were furnished on the credit of Neal, then Neal would be responsible for the balance due on Tom Hall's account."

*R. J. Williams, Fizer & Beasley,* for appellants.

The appellant's request for instructions should have been granted. 54 Ark. 346; Sand. & H. Dig., §§ 4795, 3469, sub. 2. Upon foreclosure of mortgage, the amount of indebtedness must be ascertained, and a sale of the property ordered. Sand. & H. Dig., §§ 5856-5860.

*Norton & Prewett,* for appellees.

The parties were tenants in common of the crop. 54 Ark. 349. The landlord had a lien for advances to his tenant or employee. 54 Ark. 346; Act April 6, 1885; Sand. & H. Dig., § 4795. A landlord may waive his lien. 54 Ark. 346; Act March 21, 1883. The same must be done by written indorsement upon the mortgage or other instrument by which the employee transfers his interest in the crops. Sand. & H. Dig., § 3469.

WOOD, J., (after stating the facts.) The court erred in telling the jury "that defendant, Neal, was not entitled to the credit claimed by him on his account with Brandon & Baugh for the value of the mules and corn furnished by him to Tom Hall to make a crop." The uncontradicted proof shows that two mules valued at $115, and corn valued at $44, were furnished Hall to make the crop. The proof shows also that appellees knew that appellant had furnished his tenant the mules. The circumstances were such as to put them on inquiry as to any supplies furnished. They received the crop of Hall, upon which appellant had a lien for these supplies superior to the lien of their mortgage on Hall. They were therefore liable to appellant out of the proceeds of Hall's crop for the value of the mules and corn. Sand. & H. Dig., § 4795.

Appellant was entitled to have the amount credited on his account with appellees, whether he was liable for Hall's account or

not. If appellant was liable for Hall's account, and the account of appellant (including Hall's) remained unpaid, after giving him the benefit of a credit for the amount of these supplies, he would not be prejudiced by the instruction.

But appellant contends, and there was evidence tending to support his contention, that he was not liable for the account of his tenant Hall. The instruction was erroneous, because it took this matter away from the jury. Until the contrary is shown, it must be presumed to have been prejudicial.

Since the cause must be remanded for new trial, we will pass upon the propositions embodied in appellant's request. Concerning the relation existing between appellant and Tom Hall, appellant testified: "I made a contract with Tom Hall to cultivate some of my land in Lee county for the year 1898. I agreed to furnish him with the land, two mules, and eighty-eight bushels of corn, and he agreed to perform the labor, supply himself with everything else that was necessary, and give me one-fourth of the cotton and one-third of the corn *for the rent* of the land, and pay for the corn and mules to come out of his part of the crop after paying the rent." The other party to the contract, Hall, testified substantially the same. It is somewhat difficult under this evidence to determine whether the relation of the parties was that of landlord and tenant or that of owner-employer and cropper-employee. It could not be both, as the propositions in appellant's request seem to assume. Our opinion is that it was a contract for the cultivation of land on shares, where the occupier was to have the exclusive possession of the land for the year 1898, and that he was to pay or deliver to the owner certain portions of the crop as rent, which created the relation of landlord and tenant. *Tinsley* v. *Craige,* 54 Ark. 346, 15 S. W. 897; *Deaver* v. *Rice,* 34 Am. Dec. 388, and other cases cited in note to *Putnam* v. *Wise,* 37 Am. Dec. 309, 314, under title, CASES HOLDING OCCUPIER TO BE TENANT," etc.

The title to the crops as between appellant and his tenant is not involved here.

The proof as to the relation between appellant and Hall is uncontroverted. If upon a retrial it remains the same, the court should hold to the view that the relation was that of landlord and tenant. The act of April 6, 1885 (Sand. & H. Dig., § 4795), applies to landlords strictly as such, and also to landlords as em-

ployers.   The act of March 21, 1883 (Sand. & H. Dig., § 4793), has no application to the relation of landlord and tenant, but only to that of employer and employee.

The fourth proposition should have been given.   There was evidence tending to show that the goods furnished Hall by appellees were not furnished on the credit of Neal, as an original undertaking, but that they were furnished Hall on his own credit, Neal simply being security for his account.   For the error indicated, reverse the judgment, and remand for new trial.

BUNN, C. J., dissents in some particulars.