REICHARDT *v.* HOWE.

Opinion delivered July 12, 1909.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings of fact will not be disturbed on appeal where there is not a clear preponderance against them. (Page 282.)

2. FRAUDS, STATUTE OF—VERBAL LEASE—PART PERFORMANCE.—A verbal lease of land for a term of years will be taken without the statute of frauds where the lessee was placed in possession and made valuable improvements at his own expense. (Page 282.)

3. LANDLORD AND TENANT—RIGHT OF LESSEE TO CUT TIMBER.—Under a lease whereby the lessee "agrees not to cut any timber except where he clears and improves the land, only for lumber and fence posts to be used on the land," the lessee is authorized to cut timber only where it is necessary to remove it for the purpose of clearing the land, and of the timber so cut he is authorized only to use so much as is necessary for lumber and fence posts for improvements on the land, the residue of the timber belonging to the owner. (Page 283.)

Appeal from Saline Chancery Court; *Alphonso Curl,* Chancellor; reversed.

*Cooper & Utley* and *Mehaffy, Williams, Cockrill & Armistead,* for appellant.

1. A 3-year lease of land and sale of the growing timber thereon is required to be in writing by the statute of frauds. Kirby's Dig., § 3654; 28 Am. & Eng. Enc. Law (2 Ed.), 540; 69 Ark. 442; 75 *Id.* 336. The writing is void, as there is no description of the lands. 16 Ark. 340-6; 21 *Id.* 533; 45 Ark. 17; 49 *Id.* 306. Part performance does not take out of the statute a contract not to be performed within a year. 48 Ark. 485. It can only be good for one year. 36 Ark. 518-522. Appellee must prove a valid agreement, and the statute of frauds need not be pleaded. 19 Ark. 23-34; *Ib.* 39.

2. The contract referred only to a thirty-acre tract, and must be clearly proved and its terms definitely shown when partial performance is claimed. 39 Ark. 424-9; 44 *Id.* 334-340; 63 *Id.* 100-105. The proof does not satisfy the rule.

3. Even if the lease included the whole tract, it does not give the right to any timber except for lumber and posts *to be used on the land.* Injunction is the proper remedy. 28 Am. & Eng. Enc. L., p. 546.

*W. R. Donham,* for appellees.

1. Part performance takes a sale or lease of land out of the statute. 16 Ark. 23; 36 *Id.* 518; 42 *Id.* 246; 55 *Id.* 294. See 52 Ark. 207; 69 *Id.* 513; 85 *Id.* 442.

2. The preponderance of the evidence shows a lease of the whole tract was contemplated, and the finding will not be disturbed. 42 Ark. 246.

3. Appellee only sold in good faith the timber he was entitled to under the contract in good faith and in compliance with his lease.

McCULLOCH, C. J. The heirs of Nick Kupferle, deceased, owned a tract of land in Saline County containing 120 acres, and appellant Reichardt had possession and control of it as their agent. Reichardt as such agent entered into the following written contract with appellee Howe:

"Little Rock, Ark., Jan. 18, 1908.
"CONTRACT FOR THREE YEARS' LEASE.

"Party of the first part, Louis Reichardt, agent for the Nick Kupferle estate, and C. W. Howe, party of the second part, hereby agree to fence the following land, to-wit, * * * * with a four-foot barb and woven wire fence, and build thereon a four-room box and ceiled house, barn and all outhouses, and dig well, and also agrees not to cut any timber except where he clears and improves the land, only for lumber and fence posts to be used on said land, said lease to expire December 31, 1910.

"C. W. Howe."
"Louis Reichardt, Agt. Nick Kupferle Est."

The description of the land was omitted at the time, with the understanding that it should be supplied later, but this was never done. Howe took possession of the land and built a wire fence, enclosing about sixty-five acres. He then entered into a written con-

tract with appellee Craine for the sale of all the merchantable timber on the tract, and Craine located a sawmill on the place for the purpose of sawing up the timber. Howe proceeded to cut timber on the land and deliver it to Craine at his mill. He cut and removed a considerable portion of the timber from the land, delivering it to Craine under his contract of sale, and appellant instituted this suit in equity against both Howe and Craine to restrain them from continuing to cut timber. A temporary injunction was granted by the chancellor at the commencement of the suit, but was dissolved on the final hearing, where the complaint was dismissed for want of equity.

Appellant contends, and so alleges in his complaint, that he only intended to lease thirty acres of the land to Howe. There is an 'old clearing of about ten acres on the tract, and appellant claims that this, together with twenty acres more, was only to be included in the lease. On the contrary, appellee Howe insists that the whole tract of 120 acres was embraced in the lease. The testimony is, we think, about evenly balanced on this issue. It consists mainly of testimony of appellant and Howe, with very little corroboration of either. Both of them are in a measure interested; and, as the chancellor accepted the testimony of Howe, we cannot say that the preponderance is against the conclusion reached.

It is insisted that, as the writing failed to describe the land, it was insufficient to constitute a contract between the parties, and that the whole transaction amounts to no more than a verbal contract, and the statute of frauds is pleaded against it. We conclude, however, that, as there was actual possession taken by Howe under the contract, and valuable improvements made by him at considerable expense, the case was thereby taken out of the operation of the statute. The lessee under those circumstances is in equity entitled to specific performance of the contract. *Brockway* v. *Thomas,* 36 Ark. 518; *Pledger* v. *Garrison,* 42 Ark. 246; *Railway Company* v. *Graham,* 55 Ark. 294; *Phillips* v. *Jones,* 79 Ark. 100.

If the version of appellee Howe be accepted as to the transaction in question, he took possession of the whole tract of 120 acres under the agreement and with the consent of appellant. The reason why the operation of the statute of frauds is avoided

by part performance is that it would be fraud to deny the benefits of the contract to the party who has in part performed it; and where there has been performance of a part, he is entitled in equity to require the other contracting party to perform the whole contract. Justice could not be done by giving the party the benefit of that part of the contract only which he has performed. Proof that the contract has been partly performed is sufficient to prevent the operation of the statute of frauds and to supply the omitted description; but the remaining part of the contract stands for itself, and the rights of the parties must be controlled by it.

The contract does not purport to convey the timber nor to confer upon Howe the right to sell it. His right to use the timber is expressly limited to so much of it as is needed "for lumber and fence posts to be used on said land." He is by the terms of the contract permitted to cut timber upon the lands so far as it is necessary to remove it for the purpose of clearing the land, but only to that extent; and this does not give him the right to cut the timber where it is not done for the purpose of clearing the land, nor does it give him the right to sell the timber, even after he has cut it for the purpose of clearing the land. The title to the timber never passed to Howe. He was not permitted to use any part of it except so much as was necessary for lumber and fence posts on the land. The owners of the land had the right, at any time after they had entered into this contract, to cut and remove the timber themselves, except so much as was necessary for lumber and fence posts for improvements to be made by Howe on the land. Of course, the provision of the contract giving Howe the right to cut the timber for the purpose of clearing the land implied the right to destroy it in order to get it out of the way, so that the land might be cleared if the owners refused to take it off. But he had no right to cut the timber for the purpose of selling it, or to refuse to turn it over to the owner after he had cut it in order to clear the land.

The testimony in this case convinces us that Howe cut the timber for the purpose of selling it, and not for the purpose of clearing the land. The evidence does not show that he was proceeding with any degree of diligence to clear the land, after he had cut the timber, but on the contrary it shows that the matter

of clearing the land was a secondary one with him. The testimony establishes the fact that Howe was insolvent, and unable to respond to appellant in damages. We are therefore of the opinion that the chancellor erred in dismissing the complaint.

The decree is reversed, and the cause remanded with directions to enter a decree in favor of appellant, enjoining the appellee from removing any more timber from the land, except for the purposes indicated in the contract as construed in this opinion.