## SMITHWICK v. OLIVER.

Opinion delivered April 11, 1910.

1.  LANDLORD AND TENANT—WHEN RELATION EXISTS.—The relation of landlord and tenant existed when the life tenant of land rented it to another for a portion of the crop. (Page 452.)

2.  SAME—WHEN ADMINISTRATOR OF LIFE TENANT ENTITLED TO RENT.— Where a life tenant died before the day when rents upon the land held for life become payable, her administrator, under Kirby's Dig., § 4688, is entitled to recover such proportion of the rent as accrued before her death. (Page 452.)

Appeal from Clay Circuit Court, Western District; *Frank Smith*, Judge; reversed.

*F. G. Taylor* and *J. L. Taylor*, for appellant.

Whoever owns the reversion when the rent falls due is entitled to receive the whole sum. 108 Ind. 21; 8 N. E. 636. After the death of the life tenant the lessee holds by the acquiescence of the remainderman. 21 N. Y. 280; 24 Ark. 545; 38 Ark. 413; 36 Ark. 572; 82 Ark. 244.

*G. B. Oliver*, for appellee.

The crop in the ground at the time of the death of the life

tenant goes to the administrator. 2 Blackstone 122; 3 Kent 471; 1 L. R. A. 427; Kirby's Dig., § 2732.

HART, J. J. J. Smithwick, a resident of Clay County, Arkansas, died intestate, owning certain lands in said county. He left surviving him his widow, Casa A. Smithwick, and his son, W. R. Smithwick, as his sole heir at law. On January 13, 1902, by agreement in writing, certain of said lands were set apart to Casa A. Smithwick for her natural life for her dower and homestead, and she entered into possession of same. For the year 1908 she rented a part of said lands for $380, evidenced by a promissory note payable to her order on or before the 25th day of December, 1908. The remaining part of the land she rented for one-third of the corn and one-fourth of the cotton raised on it for the year 1908. On the 15th day of July, 1908, she indorsed said note to W. R. Smithwick, and delivered same to him. She died intestate on the 16th of July, 1908. W. R. Smithwick collected said note when it fell due. About 175 bushels of corn, worth 50 or 60 cents per bushel, and cotton of the value of $94.54 were also delivered to him as rent.

This suit was brought by G. B. Oliver, administrator of the estate of said Casa A. Smithwick, deceased, against W. R. Smithwick to recover the amount of said rent note and the rents so collected by him.

There was a trial before a jury, and they returned a verdict for the administrator for the amount of the proceeds of the crop rent, and for W. R. Smithwick for the amount of the note. Judgment was rendered upon the verdict. W. R. Smithwick has appealed from the judgment rendered against him.

Hence, the judgment of the circuit court with reference to the rent note being in favor of W. R. Smithwick, and no appeal having been taken therefrom, the consideration of it is not before us. The only question raised by the appeal is as to the question of the crop rent. On this question the court instructed the jury to return a verdict in favor of the administrator. In this the court erred. The record shows that Mrs. Casa A. Smithwick rented the land to one Catt for a portion of the crop. This created the relation of landlord and tenant between them. *Neal* v. *Brandon,* 70 Ark. 79.

Sec. 4688 of Kirby's Digest is as follows: "The executor

or administrator of any tenant for life who shall have demised any lands or tenements so held, and shall die before the day when any rent on such demise shall become payable, may recover:

"*First.* If such tenant for life die on the day the rent becomes due, the whole rent.

"*Second.* If he die before the day on which the rent becomes due, such proportion of the rent as shall have accrued before his death."

In the present case the undisputed facts are that Casa A. Smithwick was a tenant for life. She rented the lands for the year 1908 for a portion of the crop, and died on the 16th day of July, 1908, before the rent became due. Therefore the court should have instructed the jury to apportion the rent as to time between W. R. Smithwick and G. B. Oliver, administrator of the estate of Casa A. Smithwick, deceased, and for the error committed in not doing so the judgment must be reversed and the cause remanded for a new trial.