MORRIS *v*. STATE.

Opinion delivered October 20, 1913.

1. SLANDER—SUFFICIENCY OF INDICTMENT.—An indictment for slander will be held bad on demurrer, which does not set out the words used, but only a conclusion as to the meaning and effect of the words. (Page 532.)

2. SLANDER—ACTIONABLE WORDS.—Charging another with being a negro, is actionable slander. (Page 533.)

Appeal from Boone Circuit Court; *George W. Reed,* Judge; reversed.

*Troy Pace,* for appellant.

The indictment is bad, and the demurrer to it should have been sustained, because it does not set out the language used.

In an indictment for slander it is not sufficient to state conclusions, but it must allege either the actual words or the substance of the actual words used. 25 Cyc. 577-8; 17 S. W. (Tex.) 548; 11 S. W. (Tex.) 521; 32 Cent. Dig., "Libel and Slander," § 243; 86 S. W. (Mo.) 1098.

The Morphew case, 84 Ark. 488, relied on by the State, is not contrary to this position. The court in that case, page 489, distinctly states that "the indictment, in plain, intelligible language, *sets forth the conversation,* etc., on which the slander is predicated."

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

All the cases cited by appellant show that the courts are satisfied with an indictment for slander if the substance of the matter complained of is given. The indictment in this case meets this requirement, and is good. 84 Ark. 488; *Brown* v. *State,* 109 Ark. 373; Kirby's Dig., § 2229.

HART, J. Bill Morris prosecutes this appeal to reverse a judgment of conviction against him for the crime of slander. The body of the indictment is as follows:

"The said Bill Morris, in the county and State aforesaid, on the 10th day of October, 1912, then and there maliciously, wilfully, feloniously and falsely did use, utter and publish, in the presence of H. S. Seitz, of and concerning Mrs. James Holt, words which, in their common acceptation, amounted to charge the said Mrs. James Holt with being an illegitimate child, the descendant of a negro and a descendant of a thief.

"This prosecution is with the knowledge and consent of the said Mrs. James Holt, against the peace and dignity of the State of Arkansas."

The testimony on the part of the State is substantially as follows: The defendant, Morris, in the latter part of October, 1912, went to the home of Henry Seitz, in Boone County, Arkansas, and, in the presence of Seitz and his wife, said that one Mrs. Holt's father was a thief, and her mother a negro, and she was a half-breed. He made this statement in an angry manner. After he had repeated it a time or two Mrs. Seitz told him that she did not believe the statement he was making was true. The defendant replied that the statement he had made about Mrs. Holt was not true, and that he had only made it to her husband that afternoon in order to get him to fight. Mrs. Holt was a white woman, and had no negro blood in her veins. She was the wife of James Holt, a white man.

The defendant interposed a demurrer to the indictment, and assigns as error the action of the court in overruling his demurrer.

The Attorney General seeks to uphold the ruling of the court upon the authority of *Morphew* v. *State,* 84 Ark. 487; but we do not think that case sustains the position taken by him. It is true that the court, in stating the case, said that the defendant, Morphew, used language which, in its ordinary acceptation, amounted to charging that one Anna Morrow had been guilty of fornication with him; but the court was only stating the conclusion it had reached from reading the indictment, and was not attempting to state the language of the indictment itself. Later on in the opinion the court said: "The indictment, in plain, intelligible language, sets forth the conversation with Frank Kennedy, on which the slander is predicated."

In the case of *Laster* v. *Bragg,* 107 Ark. 74, the court, following the decision in *Miller* v. *Nuckolls,* 77 Ark. 64, held that in an action for damages for slander it is not sufficient for plaintiff to prove words of similar import merely, but that he must prove that defendant used substantially the same words as charged in the complaint. The court further held that a variance in the mere form of expression is not material, and that where words accompanying the actionable words are merely descriptive, and the slander proved substantially corresponds with the allegations of the complaint, there is no variance. The same rule prevails in criminal prosecutions for slander.

It will be seen, by an examination of the indictment, that the prosecuting attorney does not set out the words which were proved to have been used. He only set out his conclusion as to the meaning and effect of the words. This was not sufficient; he should have set out the language used. As we have already seen, it is necessary to set out enough of the language alleged to have been used to constitute the charge. It follows that the court erred in overruling defendant's demurrer to the indictment.

The defendant was indicted under section 1856 of Kirby's Digest, which reads as follows:

"It shall be deemed slander to falsely use, utter or

publish words which, in their common acceptation, shall amount to charge any person with having been guilty of any other crime or misdemeanor not mentioned in this act, or to charge any person with having been guilty of any dishonest business or official conduct or transaction, the effect of which charge would be to injure the credit or business standing, or to bring into disrepute the good name or character of such person so slandered, and such words so spoken shall be actionable, and the person so falsely publishing, speaking or uttering the same shall be deemed guilty of slander, and punished accordingly.''

Slander was not an indictable crime at common law, and only became so by the terms of this statute. It will be noted that the statute is very broad and comprehensive. It uses the language "or to bring into disrepute the good name or character of such person so slandered.''

Under our statute, railroads are required to furnish separate coaches for the negro and white races, and it is unlawful to permit them to occupy the same coach. Street cars are also required to segregate the two races. Separate schools are also provided for white and colored children. Under our social conditions, the white and negro races do not mingle together and by law are prohibited from marrying each other, so that under these conditions it can not be disputed that charging a white man with being a negro is calculated to bring into disrepute his good name or character. No one could make such a charge, knowing it to be false, without understanding that its effect would be injurious to the character of the person so slandered. See *Flood* v. *News and Courier Co.,* 4 A. & E. Ann. Cases (S. C.) 685, and case note; *Spotorno* v. *Fourichon,* 40 La. 423.

It is next insisted that the language proved does not amount to slander. Counsel for defendant insist that he was simply repeating the details of an encounter that he had had with the husband of Mrs. Holt, and that he stated at the time that he had only made the charge for the purpose of inciting Holt to fight. It will be remembered, however, that the witnesses for the State testified that the defendant spoke in an angry manner and repeated

the language upon which the charge of slander is predicated a time or two before Mrs. Seitz said anything to him. From this the jury might have found that he had used the language proved and only said that he did not believe it to be true when, after he had repeated it, Mrs. Seitz told him that she knew it was not true. If she had not brought him to task, he might never have admitted that he knew the language was not true. Under all the circumstances under which the language was proved to have been uttered, it can not be said that the qualification the defendant finally made was made in the immediate connection in which he used the language.

For the error in overruling the defendant's demurrer to the indictment, the judgment will be reversed and the cause remanded for a new trial.