LANCASTER *v.* CASE.

Opinion delivered July 2, 1917.

TRESPASS—ACTS DONE UNDER AGENT'S DIRECTION.—Defendant will not be liable for cutting trees on plaintiff's land, where plaintiff's agent on said land had authority to cut the trees, and where defendant acted at the agent's request.

Appeal from Izard Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Godwin & Harris* and *Ira J. Mack,* for appellant.

1. The verdict and judgment are contrary to the law and the evidence. The entering and cutting are admitted, but the defense is that it was done under permission of one Matlock, a tenant of plaintiff, under the honest belief

that the tenant had authority to give permission. But no such permission was given or proven. Nominal damages, at least, should have been given for the trespass and injury. 38 Cyc. 1123, 1064; 14 Ark. 431; 1 *Id.* 448.

2. The court erred in refusing to permit plaintiff to make proof as to damages suffered. 67 Ark. 374; 71 *Id.*, 305; 116 *Id.* 206; 125 *Id.* 332.

3. It was error to allow proof as to results of January overflow on lands other than plaintiff's, and in giving instruction No. 5 for defendant. There was absolutely no proof that Matlock was plaintiff's agent, or had any authority to cut timber on the river front. 2 Cyc. 1066.

*Samuel M. Casey,* for appellee.

1. There was no proof absolutely to sustain the allegations of the complaint as to damages. There was no washing or caving of banks when the trees were cut.

2. There was no error in giving instruction No. 5.

3. Plaintiff was not even entitled to nominal damtages. The jury really found that plaintiff's agent gave defendant permission to cut the timber.

SMITH, J. Appellant sued to recover damages alleged to have been sustained by him by reason of the wrongful and unauthorized cutting of the timber on certain lands owned by him lying on the bank of White river and the consequent caving of the banks resulting from denuding the land of the standing timber.

Appellee defended upon the ground that he had authority to cut the trees which he did cut, and that no damages had resulted from their cutting. Two principal questions are presented, and these are questions of fact. Other questions are discussed, but they are subordinate to these principal questions.

The first assignment of error is that appellant was not permitted properly to fully develop the elements of damage for which he should have had compensation. This assignment of error might appear more plausible had the jury found for appellant in any sum, but it did

not do so, as the verdict returned was a general finding in favor of defendant. The court, however, did permit appellant to show the number of trees cut, and their location, and the action of the water as influenced by the cutting of the trees, and the depreciation in the value of the land as a result thereof. No attempt was made to recover the value of the trees as such, the cause of action being predicated upon the theory that the cutting of the trees had resulted in caving banks and in a washing away of the soil, and if it could be said that any evidence was improperly excluded, it was evidence which tended only to increase the amount of the damage on this account, and there was sufficient evidence to support a verdict for some damages, had appellant's theory of the case been accepted, and if there was any competent evidence excluded it was evidence which would only have tended to support a larger verdict.

Evidence on the part of appellee tended to show that no substantial damage had been sustained, although the cutting of a number of trees is admitted.

It is insisted by appellant that he should, at least, have had judgment for nominal damages, as certain of his trees were cut under appellee's direction, and the correctness of this contention presents the real question in the case.

Over the objection and exception of appellant, the court gave an instruction numbered 5, which reads as follows:

"5. You are instructed that if you find from the evidence that Matlock was plaintiff's agent and was in charge of his land and had authority to cut timber on said land, authorized and told the defendant that he could cut said timber and that acting from this authority he cut same, then your verdict should be for the defendant."

It is said there was no evidence upon which to base this instruction, and that if this instruction is disapproved as being without evidence to support it, a judgment for at least nominal damages must be awarded appellant. In deciding whether the instruction was, in fact,

abstract, we need consider only that evidence which is said to furnish a basis for it, and such evidence may be summarized as follows:

Appellee operated a ferry across White river, and had paid appellant $25 for the use of a right-of-way across appellant's land. The trees were cut so that one approaching the ferry could see the river banks and know whether a congestion of traffic made the ferry inaccessible. The land was in charge of one Matlock, who was appellant's tenant, and Matlock, and the tenant preceding him, had both cut trees for the purpose of clearing and cultivating the land. That for the purpose of cultivating the land, Matlock had cut some of the timber standing on the land in question, and had told appellee that when he had the time he would cut the remainder, but as Matlock was otherwise engaged, appellee cut down the timber for Matlock, who cut it up and hauled it away and sold it, apparently without objection on appellant's part. There was other testimony that Matlock had cut other trees in the spring, and that he was clearing up the timber in patches so that it would not shade the land and he could put the river bank in cultivation, and that appellee did, at once, for Matlock what this tenant was doing gradually.

There was contradiction of this evidence, but we assume that these conflicts were resolved in appellee's favor, and that when this was done the jury found that Matlock was in possession of the land for the purpose of clearing and cultivating it and had the right, as an incident thereto, to cut down the standing timber, which right he was exercising as it suited his convenience, and that appellee, for his own purposes, did, at Matlock's invitation, a thing which Matlock himself could rightfully have done. *Conway* v. *Coursey,* 110 Ark. 557. If this were true, the instruction is not abstract, and no error was committed in giving it.

Finding no prejudicial error, the judgment is affirmed.