WEBB v. WATERS.

Opinion delivered July 10, 1922.

1. DEATH—WRONGFUL KILLING—RIGHT TO RECOVER FOR DECEDENT'S
   SUFFERING.—The widow and children of one wrongfully killed
   are not entitled to recover for his pain and suffering, in the
   absence of allegations bringing the case within Crawford &
   Moses' Dig., § 1.

2. APPEAL AND ERROR—PREJUDICIAL ERROR.—In an action for wrong-
   ful killing where the jury were erroneously instructed to con-
   sider decedent's pain and suffering in fixing damages, and there
   was nothing to show what amount, if any, was allowed for pain
   and suffering, a new trial will be granted, as the presumption is
   the jury were influenced by the erroneous instruction.

Appeal from Lonoke Circuit Court; *George W.*
*Clark*, Judge; reversed.

*James B. Gray,* and *Trimble & Trimble,* for ap-
pellants.

A continuance should have been granted on account
of the sickness of Dudley Webb, which prevented him
from being present at the trial. 195 S. W. 682; 99
Ark. 394.

Instruction No. 1 was erroneous in that it allowed
damages to the widow and children for conscious pain
and suffering of the deceased. Recovery for this ele-

ment of damage can only be had in the name of an administrator for the benefit of the estate. Sec. 1070, C. & M. Dig.; 146 Ark. 562, S. W. 165.

*Oscar H. Winn, Oscar E. Williams* and *Guy E. Williams,* for appellees.

The so-called instruction No. 1 given on the court's own motion could hardly be called an instruction. It was merely a preliminary statement. None of the instructions asked for by plaintiffs contained any mention of the element of damage for conscious pain and suffering, and this feature was not relied on. The verdict was based on deceased's contributions to his family for his life expectancy, or nearly so.

WOOD, J. This is an action by Mrs. Julia Waters, widow of King Waters, for herself and minor children against the appellants to recover judgment for damages for the alleged assassination of King Waters, late husband of Julia Waters and father of the minor children. It is alleged in the complaint that the appellants did assassinate King Waters on the 11th day of June, 1920, by wrongfully and unlawfully shooting him with a shotgun loaded with gunpowder and buckshot. It was alleged that during the time that Waters lived after he was shot he suffered excruciating physical pain and mental anguish. Mrs. Waters asked judgment for herself in the sum of $50,000 and for her children in the sum of $60,000 and for the benefit of the estate in the sum of $10,000, making the aggregate sum of $120,000, for which she prayed.

The appellants, in their answer, denied all the material allegations of the complaint, and set up that, on the 11th day of June, 1920, they were attacked by King Waters while they were in the field looking at their crops; that King Waters fired upon them with a 44-calibre pistol; that the attack was without any provocation whatever, and that they returned the fire in self-defense and without any fault or carelessness on their part; and they alleged that, if King Waters died from wounds received

in the combat, his death was by reason of his own fault.
There was testimony to sustain the allegations of the
complaint that King Waters was assassinated by the ap-
pellants, and also testimony to sustain the allegations
of the answer to the effect that King Waters was the
aggressor, and that the appellants shot him in self-
defense.

It was purely a question of fact under the evidence as
to whether the appellants unlawfully killed King Waters.
There was testimony to sustain the verdict that King
Waters was unlawfully killed.

In one of its instructions, the court told the jury that
they (the plaintiffs) ''are entitled to recover such a sum
as would reasonably, fairly and justly compensate for
any physical pain and mental anguish suffered by the de-
ceased, if any, between the receiving of these wounds and
his death, or to the period of time where he lost con-
sciousness, or was no longer capable of feeling any physi-
cal pain or mental anguish as the result of these wounds.''
The record shows the following: ''The defendants * * *
especially except to instruction No. 1, given by the court
on its own motion, because no letters of administration
have been taken out in this suit, and the suit was not
brought by an administrator, and the elements of the
damages for the benefit of the estate are improper in
said suit.''

The plaintiff and one of the children testified, with-
out objection on the part of the appellants, substantially
as follows: That from the time Waters was shot until he
died ''he was suffering and complained of hurting in his
chest and legs—asked for a pillow under his legs, and
that his shoes be pulled off because his feet were hurting
him so bad; that he was conscious up to the time of his
death.''

There was a verdict in favor of the plaintiff in the
sum of $15,000. One of the grounds of defendants' mo-
tion for a new trial is that the court erred in giving in-
struction No. 1 on its motion. The motion for new trial

was overruled, judgment was entered in favor of the plaintiff in the sum of $15,000, from which judgment is this appeal.

In *Hines* v. *Betts,* 146 Ark. 555-563, the court, in one of its instructions, "permits the jury to find for plaintiff for conscious pain and suffering, if any, suffered by the decedent by reason of the injury." In commenting upon this instruction we said: "It clearly authorized the jury to allow the widow and children damages for the conscious pain and suffering of Andy Betts. This was wrong. The widow and minor children were only entitled to sue for damages which they sustained by reason of the death of the husband and father, and this was the financial loss to them of his comfort and support. They could not sue for damages for the conscious pain and suffering of decedent. Such suits must be brought, under our statute, by the personal representative of such deceased person." See secs. 1070, 1074, 1075, C. & M. Digest. The Legislature, by act of March 31, 1893, p. 229, sec. 1, C. & M. Digest, passed an act providing that "when all the heirs of any deceased intestate and all persons interested as distributees in the estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands and property left by the intestate, and to manage, control and dispose of such estate without any administration being had thereon in all cases where the creditors of such estate consent or agree for them to do so, or where they have paid or satisfied all valid debts and demands against such intestate," etc.

Neither the allegations of the complaint nor the proof brings the appellees' cause of action within this section. The burden was upon the appellees to do this before they could maintain this action for damages for the benefit of the estate. Therefore the case of *Hines* v. *Betts, supra,* is controlling here.

While there were other separate and correct instructions on the measure of damages, yet it is impossible for us to say that the jury were not governed by the

above erroneous instruction in fixing the measure of damages. The presumption, in the absence of an affirmative showing to the contrary, is that the jury were influenced by such instruction. The record discloses no facts which would justify us in eliminating the error by reducing the verdict. There is nothing to show to what extent the erroneous instruction influenced the jury; that is, what amount, if any, they allowed on account of the conscious pain and suffering of Waters. For the error indicated, the judgment is reversed and the cause remanded for a new trial.