SAFEWAY STORES, INC. *v.* GROSS

5-3676                                    398 S. W. 2d 669

Opinion delivered February 7, 1966

*House, Holmes & Jewell,* for appellant.

*Richard W. Hobbs* and *William R. Mitchell, for* appellee.

ED. F. McFADDIN, Justice. The appellee recovered a damage judgment against appellant, but the judgment must be reversed because of an error in one of the instructions.

Appellee, Karen Gross, a high school girl, went with her mother to the Safeway Store in Hot Springs in December 1963. While her mother was in another department of the store, Karen selected a lipstick and some mascara to give to her mother for Christmas, and Karen went to the check-out counter to pay for the items. She testified that she had the lipstick in one hand and the mascara in the other, that both items were visible, and that she was in line to pay for them. The assistant store manager testified that Karen had slipped the lipstick in her pocket. At all events, according to Karen, the assistant store manager accosted her,

accused her of secreting merchandise without intending to pay for it, and demanded that she accompany him and another employee to the office. She testified that he put his hand on her back and that she was marched between the two employees to the office, and that after a search revealed nothing except the visible lipstick and mascara, she was allowed to leave the office and rejoin her mother.

Through her father as next friend, Karen filed this action against Safeway Stores, seeking damages for (a) assault and battery, (b) slander, and (c) false imprisonment, all claimed to have occurred in the lipstick-mascara incident. Trial to a jury resulted in a verdict and judgment in favor of Karen, and on this appeal the appellant urges five points for reversal. We find no merit in any of the points except the one relating to Instruction No. 2; and it is on that point we base our reversal. We do not detail the testimony as to the assault and battery or as to the slander, because it was the giving of the Instruction No. 2 relating to false imprisonment that necessitates a reversal.

As aforesaid, Karen testified that the two articles (lipstick and mascara) were always visible, and that the assistant manager used language which, in effect, amounted to slander. *Dean* v. *Black & White Stores,* 186 Ark. 667, 55 S. W. 2d 500. The jury accepted Karen's testimony, as it had a right to do. On the other hand, the employees of the store testified just as positively that Karen had concealed the lipstick in her pocket. On such testimony of concealment Safeway asked its Instruction No. 2,[1] the challenged portion of which, as offered, read: "You are further instructed that the finding of such unpurchased goods or merchandise *concealed* upon the person or among the belongings of such person shall be prima facie evidence of *wilful conceal-*

---

[1]The full text of the instruction, as requested, reads: "You are further instructed that the finding of such unpurchased goods or merchandise concealed upon the person or among the belongings of such person shall be prima facie evidence of wilful concealment. Persons so concealing such goods may be detained in a reasonable

*ment.''* (Emphasis supplied.) The Trial Court refused the instruction as requested, and then amended it and gave it so that the challenged portion read: ''You are further instructed that the finding of such unpurchased goods or merchandise *wilfully concealed* upon the person or among the belongings of such person shall be prima facie evidence of *concealment.''* (Emphasis supplied.) All the remainder of the instruction was given as requested.

The appellant specifically objected to the giving of the instruction as amended.[2] We hold that the Court committed error in giving the instruction as modified. This instruction was framed from a portion of Ark. Stat. Ann. § 41-3942 (Repl. 1964), which is a part of Section 4 of Act No. 50 of 1957. The statute says: '' . . . . and the finding of such unpurchased goods or merchandise concealed upon the person or among the belongings of such person shall be prima facie evidence of wilful concealment . . . . '' We have quoted only that portion of the Act from which the appellant framed the germane portion of Instruction No. 2, and it will be observed that the appellant's requested instruction was a direct quote from the statute.

manner and for a reasonable length of time by a peace officer, or a merchant, or a merchant's employee in order that recovery of such goods may be effected. Such detention by a peace officer, merchant or merchant's employee shall not render such person civilly liable for false arrest, false imprisonment or unlawful detention.''

[2]The objection was: "The instruction as given by the Court is an erroneous statement of the law, is confusing and is prejudicial to the defendant. The instruction as given makes it imperative upon the defendant to prove 'wilful concealment,' and then states that such finding of wilful concealment would be prima facie evidence of 'concealment.' The statute provides that if it is found that there was a concealment of unpurchased goods, then it is prima facie presumed that the concealment was wilful. The instruction as given does not allow any presumption of prima facie evidence to arise in favor of the defendant upon the finding of concealment, but specifically places upon the defendant the burden of proving wilful concealment, and thus is contrary to the law."

The Court could have refused the Instruction No. 2 entirely and made no attempt to modify it; and then an entirely different issue would have been presented here as to whether the appellant could take one sentence from a statute and omit the rest, the question then being whether the section given was susceptible of more than one construction. (*L. & A.RR.* v. *Woodson,* 127 Ark. 323, 192 S. W. 174; and *Mo. Pac. Trans. Co.* v. *Parker,* 200 Ark. 620, 140 S. W. 2d 997.) But the Court was not content to merely refuse the instruction; instead the Court undertook to amend the instruction and on its own motion gave the instruction as amended and therein the Court committed error.

The instruction as given said that if Karen *wilfully* concealed the articles, then that would be prima facie evidence of concealment. In effect, this wiped out the prima facie presumption because the jury would first have to find that she had wilfully concealed before any presumption of concealment could arise. The burden of showing proof for the prima facie presumption was thus made greater than the effect of the presumption. What the Act No. 50 of 1957 was undertaking to do in the sentence here involved was to create a presumption[3] that concealment on the person was prima facie evidence of wilful concealment. It is clear that the Court emasculated the statutory presumption by giving the modified instruction, and such was error; and was specifically pointed out by the defendant in the special objection.

The next question is whether the error in the instruction was prejudicial or harmless; and we reach the conclusion that the error was prejudicial. The case was submitted to the jury on three claims urged by the plaintiff (*i.e.,* (a) assault and battery; (b) slander; and

---

[3] In U. S. Reports 13 L. ed. 2d 1138 there is an annotation entitled: "Validity, under federal constitution, of criminal statute or ordinance making one fact presumptive, or prima facie evidence of another." In 86 A. L. R. 2d 435 there is an annotation entitled: "Construction and effect, in false imprisonment action, of statute providing for detention of suspected shoplifters by merchant or employee."

(c) false imprisonment); and a general verdict was rendered. The appellant requested that the case be submitted on special issues so that if a verdict should be returned for the plaintiff, all parties could ascertain on which of the three claims for damages the verdict was based. But the Court insisted on submitting the case to the jury for a general verdict; so we do not know whether the giving of the modified Instruction No. 2 had anything to do with the verdict. The verdict might have been based on assault and battery, or on slander. But, likewise, it could have been based on false imprisonment; and, if so, the presumption herein mentioned is vital to the defendant's defense because the complete Instruction No. 2, as heretofore copied, related to the rights of the storekeeper if there were a wilful concealment.

We have repeatedly held that when an error is shown in an instruction given, it is presumed that the error was prejudicial until the opposite is established. *St.L. S.F. RR. Co.* v. *Crabtree,* 69 Ark. 134, 62 S. W. 64; *Neal* v. *Brandon,* 70 Ark. 79, 66 S. W. 200; *Conway* v. *Coursey,* 110 Ark. 557, 161 S. W. 1030; *Webb* v. *Waters,* 154 Ark. 547, 243 S. W. 846; and *Hargis* v. *Horrine,* 230 Ark. 502, 323 S. W. 2d 917. In the case at bar, because of the general verdict it cannot be shown that the error was harmless; so, in line with our cited cases, we must presume that the error in the instruction was prejudicial; and for that reason the judgment is reversed and the cause remanded.