HOME MUTUAL FIRE INSURANCE CO. *v.*
WALTER HAGAR ET UX

5-4228

Opinion delivered May 29, 1967

*Peter G. Estes,* for appellant.

*Crouch, Blair & Cypert,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action by the appellees upon an extended-coverage insurance policy to recover $1,131.20 for hail damage to their dwelling house and trailer. The jury returned a $1,000 verdict for the plaintiffs.

The judgment must be reversed for error in the admission of evidence. The principal damage was to the aluminum siding on the house. Over the defendant's objection the plaintiff was allowed to introduce a letter from an aluminum dealer in Missouri, stating that the damage could be repaired for $780. The author of the letter was not offered as a witness; so the letter was inadmissible, being hearsay evidence. *New Empire Ins. Co.* v. *Taylor,* 235 Ark. 758, 362 S. W. 2d 4 (1962). It was unquestionably prejudicial, for the other estimates of damage did not amount to as much as the verdict.

The appellees argue that the appellant did not properly object to the letter. Counsel stated: "Note my exceptions and objections, Your Honor, for the reason there is no proper foundation laid." We think the objection as sufficient. While counsel did not use the word "hearsay," he did indicate his contention that the letter was not admissible without some foundation or identification, other than the plaintiff's bare statement that it was an estimate from Southern Aluminum Discount Company. We used rather similar language in *Lynch* v. *Stephens,* 179 Ark. 118, 14 S. W. 2d 257 (1929), where, in commenting upon the inadmissibility of a written statement apparently made by an engineer or a bookkeeper, we remarked: "There is no explanation offered for the failure to put the engineer or the bookkeeper on the stand to testify, the only witnesses that could have testified about the amount of work done and the amount of money received."

The only other asserted errors that might recur upon a new trial (appellant's Points 1, 2, and 4) involve an interpretation of the application for the policy and the policy itself. Neither instrument is abstracted by the

appellant; in fact, the policy is not even in the record. Hence we cannot review those assertions of error.

Reversed and remanded for a new trial.