512

Perry Dwayne RAY v. Ruby A. MURPHY

84-198                                              683 S.W.2d 916

Supreme Court of Arkansas
Opinion delivered February 11, 1985
[Rehearing denied March 18, 1985.]

*Sexton, Nolan, Robb & Caddell, P.A.,* for appellant.

*Pryor, Robinson & Barry,* for appellee.

GEORGE ROSE SMITH, Justice. In this tort case, which comes to us under Rule 29(1)(o), the only contention preserved by an objection below is that the court gave an instruction not relevant to the evidence. Inasmuch as the verdict in favor of the defendant, Mrs. Murphy, demonstrates that the error was harmless, we affirm the judgment.

The plaintiff, Perry Dwayne Ray, aged 25, was riding his motorcycle when he ran into the right side of Mrs. Murphy's car as she was turning to her left in front of him at a street intersection in Fort Smith. She testified that she had a green arrow for her left turn; that the light would have been red for Ray as he came toward her; and that she saw him approaching and expected him to stop. Ray testified that he had a green light and expected Mrs. Murphy to yield.

The investigating officer testified without objection that Ray did not have the special driver's license required for a motorcyclist or the required crash bars. Over the plaintiff's objection the court instructed the jury, in the format of AMI

Civil 2d 601 (1974), that a violation of the statutes requiring a license and crash bars is evidence of negligence. The jury was otherwise properly instructed. The trial judge told the jury to put its findings on a printed form of verdict containing only the words, "We, the jury, find," followed by blank lines. The jury completed the form to read: "We, The Jury, find that Mrs. Murphy is not guilty of negligence as charged." The nine jurors who had signed the verdict were polled individually and affirmed the verdict. The court entered judgment for Mrs. Murphy.

The argument for reversal is that the challenged instruction should not have been given, because Ray's failure to have the required license or crash bars was not a proximate cause of the accident. Perhaps so, but it is familiar law that the jury's verdict may demonstrate that an error in the instructions was harmless. We quote from three of our many opinions on the point:

> Billy Cates next contends that the trial court committed reversible error by the giving of an instruction on the standard of care for a contractor. A.M.I. Civil 2d 1204. There is no basis in the record for the instruction and it should not have been given. However, the verdict rendered the error harmless since the jury found against the appellees on the issue involved in the instruction. *Cates* v. *Brown*, 278 Ark. 242, 645 S.W. 2d 658 (1983).

> But when the jury answered Interrogatory No. 2 as it did and found that Campbell 66 Express, Inc., "by its servants, agents and employees," was not guilty of any negligence, then the verdict cancelled any error in the matter of the Comparative Negligence Instruction and rendered harmless the giving of the wrong Comparative Negligence Instruction. *Sutton* v. *Nowlin & Sons Co.,* 232 Ark. 223, 335 S.W. 2d 292 (1960).

> Irrespective of whether the instruction was erroneous it was harmless for the reason both in finding for John Mosley, Jr., and John Mosley, Sr., the jury found that John Mosley, Sr., was not guilty of negli-

gence. *Payne* v. *Mosley*, 204 Ark. 510, 162 S.W.2d 889 (1942).

The jury's specific finding that Mrs. Murphy was not negligent conclusively exempts her from any possibility of liability to the plaintiff. If the trial court cannot rest its judgment upon such an explicit verdict, our procedure for instructing juries becomes futile.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree because I think the erroneous instruction was prejudicial. We do not know what impact it may have had on the jury. Unless there is a causal connection between the violation of a statute and the injury, the instruction should not be given. *Riddell* v. *Little*, 253 Ark. 686, 488 S.W.2d 34 (1972). There was no such connection shown in this case. Abstract instructions tend to confuse and mislead the jury. 75 Am. Jur. 2d *Trial* § 645 (1974). Any error is presumed prejudicial unless the appellate court can say with assurance that it was harmless. *Wallin* v. *Insurance Company of North America*, 268 Ark. 847, 596 S.W.2d 716 (1980).

When an error is shown in an instruction which was given it is presumed prejudicial until the opposite is established. *Safeway Stores, Inc.* v. *Gross*, 240 Ark. 206, 398 S.W.2d 669 (1966). In *Gross* we stated: "In the case at bar, because of the general verdict it cannot be shown that the error was harmless; so, in line with our cited cases, we must presume that the error in the instruction was prejudicial; and for that reason the judgment is reversed and the cause remanded."

The general verdict form presented to the jury gave them no guidance. Had the case been presented on interrogatories we would have been able to determine whether the error was harmless. The verdict simply stated: "We, The Jury, find that Mrs. Murphy is not guilty of negligence as charged." The complaint charged Mrs. Murphy with all the

negligence or 100%. In my opinion the jury may have meant to find she was not guilty of 100% of the negligence. To say the least, I cannot say with certainty that the instruction was harmless. It may have been and again it may not. I would remand for a new trial.