LITTLE ROCK ELECTRICAL CONTRACTORS, INC. *v.* The OKONITE CO. and Dealers Electrical Supply Co., Inc.

87-292                                                      744 S.W.2d 381

Supreme Court of Arkansas
Opinion delivered February 1, 1988
[Rehearing denied March 21, 1988.*]

---

*Hays, J., would grant rehearing.

*Skokos, Simpson, Graham & Rainwater, P.A.,* by: *Michael R. Rainwater,* for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.,* for appellee.

JACK HOLT, JR., Chief Justice. This appeal is from a jury verdict in favor of the defendant appellees, Okonite and Dealers Electrical, on a complaint by the appellant, Little Rock Electrical Contractors, Inc. ("LRECI"), for breach of an implied warranty of merchantability. LRECI argues that the trial court committed reversible error in giving a comparative fault instruction over objection by LRECI that such an instruction was improper in a suit sounding in contract, not tort, for direct and incidental damages. We agree.

Sometime in 1984, LRECI placed an order for electrical cable from Dealers Electrical for use at the Millwood Water Treatment Plant. Okonite shipped several reels of the cable, ordered through Dealers Electrical, to the work site. After discovering punctures in the insulation material surrounding some of the cable, LRECI notified Dealers Electrical and Okonite. Suit was eventually brought by LRECI for breach of warranty on the basis that the punctures constituted defects which rendered the cable unfit for the ordinary purpose for which such cable is used. By its complaint, LRECI sought to recover the cost of replacement cable and any incidental damages. Okonite and Dealers Electrical defended on the theory that any damage to the cable occurred during LRECI's storage of the cable at the work site and was not a manufacturing defect or the result of conduct attributable to either Okonite or Dealers Electrical.

The trial court instructed the jury that to recover on a claim against Okonite and Dealers Electrical for breach of an implied warranty of merchantability, LRECI had to prove that: (1) LRECI sustained damages; (2) the defendant appellees sold cable that was not merchantable—not fit for the ordinary purposes for which such cable is used; (3) the unmerchantable condition was a proximate cause of LRECI's damages; and (4) LRECI was one whom the defendant appellees might reasonably

expect to use the cable. *See E.I. Du Pont Nemours & Co. v. Dillaha*, 280 Ark. 477, 659 S.W.2d 756 (1983).

However, over objection by LRECI, the court also instructed the jury that: (1) if LRECI's damages were caused by the fault of both LRECI and the defendant appellees, then the fault of both must be compared; and (2) if LRECI's fault was less than the fault of Okonite and Dealers Electrical, LRECI was entitled to recover damages reduced in proportion to the degree of its own fault; but (3) if Okonite and Dealers Electrical were not at fault, or if LRECI's fault was equal to or greater than that of the defendant appellees, LRECI was not entitled to recover any damages.

While that instruction properly tracks the language of subsections (1) and (2) of section (b) of our comparative fault statute, Ark. Code Ann. § 16-64-122 (1987), formerly found at Ark. Stat. Ann. §§ 27-1763—27-1765 (Repl. 1979), LRECI convincingly argues that section (a) of 16-64-122 precludes application of the comparative fault defense to any actions but those for "damages for personal injuries or wrongful death or injury to property . . . ."

We first deal with the contention by Okonite and Dealers Electrical that while LRECI made a timely and proper objection to the instruction, this court should not reach the merits of LRECI's argument as the objection was not abstracted.

The omission was an obvious one and upon discovery of the mistake, LRECI abstracted the objection in its reply brief. While we do not approve of that procedure, Rule 9(2) of the Rules of the Supreme Court and the Court of Appeals provides that the decree or judgment may be affirmed for noncompliance with our rules if this court finds the abstract to be flagrantly deficient, or to involve an unreasonable or unjust delay of the disposition of the appeal. We do not find this to be the case and therefore proceed to resolve LRECI's argument on its merits.

Whereas LRECI cites various authorities in support of its contention that it is error to give a comparative fault instruction in contract actions seeking direct and incidental damages, as opposed to actions sounding in tort, or contract actions seeking consequential damages for injury to person or

property, we find it unnecessary to consider those authorities by virtue of the plain language of § 16-64-122(a), which provides:

> *In all actions for damages for personal injuries or wrongful death or injury to property* in which recovery is predicated upon fault, liability shall be determined by comparing the fault chargeable to a claiming party with the fault chargeable to the party or parties from whom the claiming party seeks to recover damages. [Emphasis ours.]

LRECI's suit was not one for damages for personal injuries or wrongful death or injury to property, and it was error to instruct the jury on comparative fault.

Okonite and Dealers Electrical place great emphasis on section (c) of § 16-64-122 in which the term "fault" as used in section (a) is defined as any act, including breach of warranty, which is a proximate cause of any damages sustained by any party. As suggested by LRECI in its reply brief, there is no question that the fault to be compared may consist of a party's breach of warranty; however, the real issue is when may such fault be compared. That question is answered in the first fifteen words of § 16-64-122(a).

The only remaining issue is whether, notwithstanding the erroneous instruction, LRECI suffered any prejudice as a result of the court's instruction on comparative fault. In the absence of any prejudice, this court will not reverse. *Ray* v. *Murphy*, 284 Ark. 512, 683 S.W.2d 916 (1985).

The jury returned a general verdict by which it simply stated, "We, the Jury, find for the Defendants, The Okonite Company and Dealers Electrical Supply Company." As such, it is impossible to determine what impact the comparative fault instruction had on the jury. It is easy to conceive that an instruction to compare fault suggests that there is fault on the part of both parties. The jury may have concluded that: (a) the defendant appellees in fact did not breach the implied warranty of merchantability; or (b) there was a breach of warranty, but, pursuant to the comparative fault instruction, negligence in storage or handling of the cable by LRECI was equal to or greater than any fault on the part of the defendant appellees and would preclude a finding in favor of LRECI.

Either conclusion would support the general verdict returned by the jury, but, as indicated previously, any comparison of fault would have been improper and would constitute prejudice. Because it cannot be determined from the jury's verdict which conclusion was reached, we cannot determine whether the error was harmless. *Safeway Stores, Inc.* v. *Gross*, 240 Ark. 206, 398 S.W.2d 669 (1966). Accordingly, we reverse and remand for a new trial without the comparative fault instruction.

Reversed and remanded.