Everett BILLINGS *v.* Jay GIPSON, d/b/a Gipson Crane
Co. and Don E. Wages

88-230                                           763 S.W.2d 85

Supreme Court of Arkansas
Opinion delivered January 30, 1989

*William A. Storey*, for appellant.

*Pryor, Barry, Smith & Karber*, by: *Thomas B. Pryor*, for
appellees.

DARRELL HICKMAN, Justice. Everett Billings was injured
when he fell from a ladder on a construction site. He was
attempting to weld a joist which was being held in position by a
crane. He sued the crane operator, Don Wages, and Jay Gipson,
the owner of Gipson Crane Company, who are the appellees.

The jury, on a special verdict, found no negligence on
the part of Billings or Wages. On appeal Billings makes two
arguments, but they are meritless because of the jury's finding.

His first argument is that the Court erred in allowing evidence to be introduced that he drank on the job and had a habit of it. We need not reach the issue because the jury made a specific finding that Billings was not negligent, so the evidence was not prejudicial to his case.

In *Ray v. Murphy*, 284 Ark. 512, 683 S.W.2d 916 (1985), we found that even if an instruction is erroneously given, a jury verdict may render it harmless. In *Ray* the jury found the defendant not guilty of any negligence. We said:

> The jury's specific finding that Mrs. Murphy was not negligent conclusively exempts her from any possibility of liability to the plaintiff. If the trial court cannot rest its judgment upon such an explicit verdict, our procedure for instructing juries becomes futile.

*See also Cates v. Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983); *Sanders v. Neuman Drilling Co.*, 273 Ark. 416, 619 S.W.2d 674 (1981); *Bussell v. Missouri Pacific Railroad Co.*, 237 Ark. 812, 376 S.W.2d 545 (1964).

In this case the jury made specific findings that neither Billings nor the crane operator was negligent. So the evidence could not have prejudiced Billings, because the jury did not find him at fault to any degree.

The second question is did the trial judge err in instructing the jury on the borrowed servant doctrine. Since the jury found no negligence on the part of the crane operator, this issue is also meritless.

Affirmed.