EGG CITY OF ARKANSAS, INC., and Ricky Robert Freeman *v.* Harold E. RUSHING

90-122                                                803 S.W.2d 920

Supreme Court of Arkansas
Opinion delivered February 18, 1991.

*Atchley, Russell, Waldrop, & Hlavinka*, by: *R. Victor Hlavinka* and *Louise Tausch*, for appellant Egg City of Arkansas.

*Smith, Stroud, McClerkin, Dunn, and Nutter*, by: *Gary R. Nutter* and *Carol J. Dalby*, for appellant Ricky Robert Freeman.

*Gary Eubanks and Associates*, by: *Darryl E. Baker* and *James Gerard Schulze*, for appellee.

DONALD L. CORBIN, Justice. Appellee, Harold E. Rushing, brought suit against appellants, Ricky Robert Freeman and Egg City of Arkansas, Inc., for damages arising out of a vehicle accident occurring on July 21, 1986. Appellee claimed he was injured when the vehicle he was driving was struck from the rear by a truck driven by appellant Freeman and owned by appellant Egg City. Appellants admitted liability and the case was tried to a jury on the sole issue of damages. Appellee presented evidence of medical expenses, past and future lost wages, and damage to his vehicle. The jury awarded appellee $450,000.00 as compensatory damages. Appellants filed a motion for remittitur or new trial, which the trial court denied. Appellant Egg City also filed a motion to set aside the judgment claiming that newly discovered evidence indicated fraud had been committed. The trial court denied the motion to set aside the judgment. From the jury verdict and the orders of the trial court denying the post-trial motions comes this appeal.

As the first claim in this appeal, both appellants assert the trial court erred in denying the motion for remittitur or new trial. They argue the damages award was not only contrary to the preponderance of the evidence, but was also excessive and awarded under the influence of passion or prejudice.

We will first consider the motion for new trial as it relates to the question of the preponderance of the evidence. On appeal, when a motion for a new trial has been denied, we will

affirm if there is substantial evidence to support the verdict; in determining whether substantial evidence exists, the evidence is viewed in the light most favorable to appellee. *Johnson* v. *Cross*, 281 Ark. 146, 661 S.W.2d 386 (1983).

A review of the evidence presented at trial, as viewed most favorably to appellee, reveals that appellee encountered medical expenses of $6,800.00; damages to his vehicle of $2,150.00; and lost earnings, both past and future, of $339,883.47. From the $450,000.00 verdict, this leaves $101,166.53 as damages for pain and suffering.

Appellee presented this evidence through the testimonies of his general physician, Dr. Goins, his chiropractor, Dr. Manus, and his psychologist, Dr. Stevens. Dr. Goins testified that appellee suffered neck and back injuries, namely a bulging disc and extensive muscle spasms. Dr. Manus testified that appellee would have chronic pain for the remainder of his life. Both of these witnesses testified that appellee was disabled. Dr. Stevens testified that appellee's post-accident condition was consistent with a brain injury. Dr. Stevens diagnosed appellee as suffering from severe depression resulting from the injuries he received in the accident. Appellee presented evidence of his lost earnings by way of an expert in economics. Appellee and his wife testified as to his pain and his unsuccessful attempts to work.

Appellants' basis for challenging the verdict is grounded in the evidence which they presented at trial to refute appellee's evidence. Appellants presented the testimony of an expert, Dr. Lasher, a neuro-psychiatrist, who performed psychiatric and medial examinations of appellee. Dr. Lasher concluded that appellee suffered injuries, but was not permanently and totally disabled.

Appellee presented the aforementioned evidence to the trier of fact which, from its superior position, judged the credibility of all the evidence and rendered its verdict accordingly. We find that, although the evidence was disputed, there was indeed substantial evidence to support the verdict.

■ As for appellants' claim that the damages award was excessive and rendered under the influence of passion and prejudice, which they allege would justify relief in the form of

either a remittitur or a new trial, we find no merit. When considering a claim that a verdict should be reversed because it is excessive, we must decide whether the award of damages is so great as to shock our conscience. *Bill Davis Trucking, Inc.* v. *Prysock*, 301 Ark. 387, 784 S.W.2d 755 (1990). While the $450,000.00 verdict awarded in this case may be somewhat generous, it is clear that the amount of economic loss, as opposed to the amount of pain and suffering, makes up the overwhelming majority of the total award. The verdict was therefore not excessive. It is also clear that the jury was not motivated by passion or prejudice toward appellee in that they refused to award his wife any damages for her loss of consortium claim. Accordingly, we find the award of damages is not so great that it shocks our conscience.

We find there was substantial evidence to support the verdict which was not excessive nor motivated by passion or prejudice. Therefore, we affirm the trial court's denial of the motion for remittitur or new trial.

As a second claim on this appeal, appellant Egg City asserts the trial court erred in denying its motion to set aside the judgment based on newly discovered evidence indicating appellee had committed fraud in obtaining the judgment. Appellant made its motion pursuant to Ark. R. Civ. P. 60(c)(1), (c)(4). The evidence appellant Egg City claimed to have newly discovered was the testimony of Wesley Burris relating that appellee had staged the accident and thus committed fraud.

At the hearing on the motion, both appellants and appellee presented evidence concerning the alleged fraud. There was conflicting evidence by numerous witnesses. Mr. Burris testified that on the day of the accident appellee told him the next time they saw each other appellee would be in the hospital and would probably be getting a lot of money. Mr. Burris also testified that appellee told him he was not even in his truck when the accident occurred. Appellant Freeman testified that appellee was in his truck when the accident occurred. Appellee testified at the hearing and denied that the accident was staged. There was also testimony from disinterested parties that after the accident, appellee was lying in the floor of his truck and was removed only after the steering wheel and door were pried out of the way.

■ After hearing all the evidence presented at the hearing, reviewing briefs submitted by counsel, and reviewing the law on his own, the trial judge ruled that appellant had not met its burden of proving either fraud or newly discovered evidence. Accordingly, the trial judge denied appellant's motion to set aside the judgment. We cannot say the trial judge abused his discretion. *See Big Rock, Inc.* v. *Missouri Pac. R.R.*, 295 Ark. 495, 749 S.W.2d 675 (1988).

■ Appellee has included in his brief an assertion that the trial court erred in denying his motion for sanctions. This assertion requires us to speculate that appellee intended to appeal the trial court's order, which summarily denied without explanation, his motion for sanctions made pursuant to Ark. R. Civ. P. 11. However, we are unable to find anywhere in the record where appellee filed a notice of cross-appeal as required by Ark. R. App. P. 3. Where there is no notice of cross-appeal, we will not consider the issue raised by appellee. *Elcare, Inc.* v. *Gocio*, 267 Ark. 605, 593 S.W.2d 159 (1980).

■ Because we feel it is important to do so, we note that "notwithstanding the language in ARCP Rule 52 that makes findings of fact and conclusions of law unnecessary in decisions on motions, we believe the better practice is for the trial court to give an explanation of its decision on Rule 11 motions sufficient for the appellate courts to review." *Bratton* v. *Gunn*, 300 Ark. 140, 143-44, 777 S.W.2d 219, 221 (1989). Even if appellee had properly filed a notice of cross-appeal, we note that, as the moving party, he has not met his burden of providing us with a record sufficient to show prejudice or error with respect to the denial of his Rule 11 motion.

Affirmed.