Karen WEBB *v.* Renaldo D. THOMAS

92-110                                    837 S.W.2d 875

Supreme Court of Arkansas
Opinion delivered October 5, 1992

554

*David Hodges* and *Josh McHughes*, for appellant.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Bruce Munson* and *Valerie Denton*, for appellee.

DONALD L. CORBIN, Justice. On August 22, 1989, plaintiff's, appellant's, Karen Webb's car was struck from behind by defendant, appellee, Renaldo Thomas's car. Ms. Webb brought suit seeking to recover damages in the amount of $250,000 for permanent impairment, past and future pain and suffering, past and future mental anguish, lost wages in the past and in the future, loss of ability to earn in the future, and past and future medical expenses. The case was tried on October 29, 1991, in front of a jury. The jury found for the defendant and assessed no damages. Since this case presents a question in the law of torts our jurisdiction is proper pursuant to Rule 29(1)(o).

On appeal, appellant asserts twelve (12) points of error. We find no merit to any of these points and affirm.

## I.

For her first point of error, appellant argues that the trial court erred in denying her motion for a new trial. Appellant argues that the jury's finding of no damages was so inadequate as to require the trial court to grant a new trial.

On appeal, when a motion for a new trial has been denied, we affirm if there is substantial evidence to support the verdict. *Egg City of Arkansas, Inc.* v. *Rushing*, 304 Ark. 562, 803 S.W.2d 920 (1991). In determining whether substantial evidence exists, the evidence is viewed in the light most favorable to appellee. *Id.*

In appellee's favor, there was evidence the accident was minor resulting in minimal damage to appellant's vehicle, appellant stated at the scene of the accident that she was not hurt, appellant drove home from the accident and went to work the next morning. Appellant testified she was stopped, saw appellee's car approaching her from behind, knew he was going to hit her, put both feet on the brake and both hands on the steering wheel, but that she did not remember the actual impact. Appellee also testified about the accident. Appellee testified he was going approximately twenty miles an hour when he hit appellant. He tried to dodge her, but the impact did not cause appellant's car to move forward. In view of the parties' description of the accident, the jury could have found that the accident was too slight for the plaintiff to have suffered any injury at all. *Thigpen* v. *Polite*, 289 Ark. 514, 712 S.W.2d 910 (1986).

Appellant testified she had been unable to work since the accident due to continuing medical problems caused by the accident which occurred over two years prior to the trial. Appellant produced medical bills totaling $2,738.97. She testified she had attempted to work at two different jobs during January through March of 1991, staying at one job for four days and the other approximately two months. She said she had been unable to continue working because pain in her leg and hip prevented her from standing and walking as the jobs required. Appellant also testified she had severe headaches since the accident along with the pain in the leg and hip and had gained weight because of inactivity caused by the accident. But, appellant had also been treated for headaches and nervousness before

the accident with similar medication to that she was given after the accident and had previously been given medication to help her with weight loss. Appellant's own doctor testified in his video deposition, which was shown to the jury, that appellant's symptoms could have been caused by stress from events in her life rather than the accident. Additionally, there had been long periods of time before the accident during which appellant had not worked.

■ This constitutes substantial evidence from which the jury could have concluded the medical expenses were attributable to preexisting causes and not to the automobile accident. *Kratzke v. Nestle-Beich, Inc.*, 307 Ark. 158, 817 S.W.2d 889 (1991). If the jury could conclude the medical expenses were not attributable to the accident, it would naturally follow the jury could conclude appellant's alleged pain and suffering was not a result of the accident and the reason appellant has not worked since the accident was not related to the accident. A reasonable jury could have concluded appellant's medical problems were not attributable to the accident and, therefore, appellant was entitled to no damages.

## II.

■ For her second point of error, appellant argues that the jury verdict is clearly against the preponderance of the evidence. Having determined above that there was substantial evidence to support the jury's verdict, it follows that the jury verdict was not clearly against the preponderance of the evidence.

## III.

■ For her third point of error, appellant objects to the issuance of a subpoena *duces tecum* by the Circuit Court of Pulaski County, without informing opposing counsel, on March 19, 1991, which was served on the Custodian of Records, Leisure Arts, Inc., the employer of appellant prior to the accident, requesting all medical records to be sent to appellee's counsel. This issue was not presented or decided at the trial level and we do not consider issues presented for the first time on appeal. *Fisher v. Jones*, 306 Ark. 577, 816 S.W.2d 865 (1991); *Schmidt v. McIroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991).

## IV.

For her fourth point of error, appellant alleges it was reversible error for the trial court to permit appellee to use a medical examination form obtained from appellant's employer in cross-examination. We need not actually decide whether the trial court erred in allowing appellee to use this document to cross-examine appellant because we will not reverse even if an evidentiary ruling is erroneous without a showing of prejudice. *Peoples Bank & Trust Co.* v. *Wallace*, 290 Ark. 589, 721 S.W.2d 659 (1986). Appellant does not suggest any possible prejudice caused by this evidentiary ruling in her brief.

## V.

For her fifth point of error, appellant claims that the trial court erred by allowing testimony by Dr. Leonard, via video deposition, that appellant had told her doctor prior to the accident that her son was involved in possession of a firearm. Appellant claims this evidence was not relevant. The court found this evidence was relevant to show that appellant's medical problems may have been caused by circumstances other than the accident involving appellee. We have consistently held that rulings on the relevancy of evidence are discretionary with the trial court, and we will not reverse absent an abuse of discretion. *Farmers Bank* v. *Perry*, 301 Ark. 547, 787 S.W.2d 645 (1990). We find no abuse of discretion in this ruling as we agree with the trial judge.

## VI.

For her sixth point of error, appellant claims the trial court erred in allowing hearsay testimony by Dr. Leonard regarding reports he received from Dr. Denson, a neurologist. The trial judge allowed the testimony as something normally relied upon by Dr. Leonard. Appellant has failed to indicate any manner in which this evidence prejudiced her, therefore, we will not reverse. *Wallace*, 290 Ark. 589, 721 S.W.2d 659.

## VII.

For her seventh point of error, appellant claims it was error for the trial court to sustain a hearsay objection to appellant's testimony regarding appellant's loss of her job. The testimony to which the trial court sustained appellee's objection was testimony

by appellant that "[t]wo weeks later my supervisor called and told me he was going to have to terminate me because I hadn't called in." Appellant claims that this evidence was not offered to prove the truth of the matter asserted, but to establish why appellant no longer worked at that job and was, therefore, not hearsay. Once again, appellant fails to give this court any indication of the prejudice caused her by this allegedly erroneous ruling. We will not reverse for mere error in evidentiary matters. There must be a showing of prejudice. *Wallace*, 290 Ark. 489, 721 S.W.2d 659. It is appellant's burden to indicate to this court what prejudice was caused by the allegedly erroneous ruling.

## VIII.

For her eighth point of error, appellant alleges that the trial court erred in sustaining appellee's objection to appellant's testimony regarding the estimate of the cost of repair of her car and striking her testimony as to the amount of the estimate. We have held that estimates of damage are inadmissible hearsay when the person preparing the estimate has not been offered as a witness. *See Home Mut. Fire Ins. Co.* v. *Hagar*, 242 Ark. 693, 415 S.W.2d 65 (1967).

## IX.

For her ninth point of error, appellant claims the trial court erred in ruling that the transcript of Dr. Leonard's video deposition could not be introduced as an exhibit. The court allowed the video, which was played at the trial, to be introduced as an exhibit, but refused to allow the transcript to be introduced into evidence. Appellant asked to introduce the transcript of the video and appellee objected. The trial court sustained the objection and did not allow the transcript to be introduced into evidence. This court has not yet had the opportunity to decide whether a transcript of a video deposition should properly be introduced as evidence separately from the video itself and we will not do so here. In her brief, appellant suggests no prejudice caused by the trial court's refusal to allow the transcript of Dr. Leonard's video deposition to be introduced into evidence. Since we will not reverse without a showing of prejudice, we will not decide whether the trial court committed error, but save that issue for another day. *Wallace*, 290 Ark. 589, 721 S.W.2d 659.

## X.

For her tenth point of error, appellant alleges that the trial court erred in refusing to give her proffered future earnings instruction. The jury verdict, finding no damages for appellant, clearly would exclude a finding by the jury for appellant for future earnings. Since the jury verdict cures the alleged error by specifically precluding the relief requested by appellant, we need not decide whether the refusal to give the instruction was error and we will not reverse. *See National Bank of Commerce* v. *Beavers*, 304 Ark. 81, 802 S.W.2d 132 (1990); *Billings* v. *Gipson*, 297 Ark. 510, 763 S.W.2d 85 (1989); *Ray* v. *Murphy*, 284 Ark. 512, 683 S.W.2d 916 (1985).

## XI.

For her eleventh point of error, appellant contends it was error for the trial court to sustain appellee's objection to appellant's questioning appellee about the cost to repair his car. Appellant contends that this evidence was relevant to show the severity of the impact. Appellant was allowed to question appellee about the extent of the damage sustained by his car and does not suggest any prejudice caused by the trial court's refusal to allow appellant to question appellee about the cost of repairing the damage. As we have said several times herein, we will not reverse absent a showing of prejudice. *Wallace*, 290 Ark. 589, 721 S.W.2d 659.

## XII.

For her twelfth and final point of error, appellant contends that a comment by the trial judge during final argument to appellant's attorney was prejudicial and requires reversal. The trial judge said "[w]ell I just wish you lawyers would leave your personalities out of this and wind up your argument." This comment was not likely to violate the judge's duty to be fair and avoid the appearance of unfairness warranting a reversal as appellant alleges. Appellant has not indicated any way in which this would affect the jury's assessment of the evidence or their verdict. Additionally, appellant did not object to the comment by the judge much less receive a ruling on the issue, and as we have said many times before, we will not address on appeal an issue that has not been presented at trial and ruled upon. *Fisher* v.

*Jones*, 306 Ark. 577, 816 S.W.2d 865 (1991); *Wallace*, 290 Ark. 589, 721 S.W.2d 659.

Affirmed.