Tina ADAMS, Chris Debaldo, Scott Willis and Joseph
Sappington *v.* HLC HOTELS, INC., d/b/a Masters Economy
Inn and Steven L. Womack, Individually

96–1294                                   941 S.W.2d 424

Supreme Court of Arkansas
Opinion delivered April 14, 1997

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *James H. Penick, III*, for appellants.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *G. Spence Frike* and *Derek J. Edwards*, for appellees.

W.H. "Dub" Arnold, Chief Justice. This case arises from an altercation that occurred on May 8, 1994, at a Little Rock hotel. The appellants, Tina Adams, Chris Debaldo, Scott Willis,

and Joseph Sappington brought an intentional-tort action for assault and battery against appellee Steven L. Womack, a security guard. They also sued Womack's employer, separate appellee HLC Hotels, Inc., d/b/a Masters Economy Inn, for negligent hiring and supervision. Appellee Womack counterclaimed for compensatory and punitive damages. At the close of the appellants' case-in-chief, the trial court directed a verdict in the hotel's favor on the negligent hiring and supervision claims. In a verdict on interrogatories on the remaining claims, a jury found no intentional misconduct on the part of Womack, but found intentional conduct on the part of appellants and awarded Womack $2959.25 in compensatory damages and $1000.00 in punitive damages.

Appellants do not appeal the granting of the directed verdict in the hotel's favor on the negligent hiring and supervision claims. Instead, they maintain that the jury was erroneously precluded from considering the hotel's independent negligence for failing to implement the appropriate policies and procedures which, according to them, could have prevented the incident from taking place. Specifically, they assert that the trial court should have given their proffered instruction on negligence, and that, pursuant to Ark. R. Civ. P. 15(b), the trial court should have permitted them to amend their pleadings to conform to the evidence presented at trial on this ground of negligence.

The fatal flaw with appellants' allegations of error is that the jury, through its answers in special interrogatories, determined that none of the appellants sustained damages as a result of the occurrence at the hotel. We have indicated that examination of jury interrogatories is an appropriate way to determine exactly what the jury believed, and that a jury verdict may demonstrate that an alleged error by the trial court was harmless. *Morris v. Southwestern Bell Tel. Co.*, 299 Ark. 196, 771 S.W.2d 761 (1989); *Billings v. Gipson*, 297 Ark. 510, 763 S.W.2d 85 (1989). It is axiomatic that, to make a *prima facie* case of negligence, one of the elements a plaintiff must prove is that he or she sustained damages. *Anslemo v. Tuck*, 325 Ark. 211, 924 S.W.2d 798 (1996). Because the jury concluded that none of the appellants sustained damages as a result of the altercation at the hotel, the errors alleged by appellants are harmless.

■ Appellants further submit that the trial court erred in entering its order denying their motion for new trial prior to receipt of their reply to the hotel's response to the motion. Rule 59(d) of the Arkansas Rules of Civil Procedure governs the time for filing affidavits in support of or in opposition to a new trial motion. It states:

> When a motion for a new trial is based upon affidavits, they shall be filed with the motion. The opposing party shall have 10 days after service within which to file opposing affidavits which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court *may* permit reply affidavits.

(Emphasis added.) Pursuant to the above language, it is within the trial court's discretion whether to allow a reply to a response to a motion for new trial. Because the plain language of the rule does not require the trial court to allow reply affidavits, the appellants' argument is unpersuasive. For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.