United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**
No. 97-2690

| | | |
|---|---|---|
| Alvin Coney, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| Saundra Coney, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Union Pacific Railroad, | * | |
| | * | |
| Appellee. | * | |
| _____ | * | |
| | * | |
| Association of American Railroads, | * | |
| | * | |
| Amicus on Behalf of | * | |
| Appellee. | * | |

_____

Submitted:  January 12, 1998
Filed: February 20, 1998

_____

Before BOWMAN and BRIGHT, Circuit Judges, and JONES[1], District Judge.

_____

BRIGHT, Circuit Judge.

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

On November 15, 1994, Alvin Coney's vehicle collided with a Union Pacific Railroad ("Union Pacific") freight train. Coney brought this diversity action against Union Pacific, alleging that Union Pacific failed to provide adequate and active warning devices, maintain a proper lookout, sound the train's whistle, and operate its train at an appropriate speed. The district court granted partial summary judgment to Union Pacific on the claims of excessive speed and inadequate and inactive warning devices, reasoning that federal law preempted those claims. After a trial on the remaining claims, the jury returned a verdict in favor of Union Pacific. The district court denied Coney's motion for new trial. On appeal, Coney argues the district court erred in granting partial summary judgment to Union Pacific on the claims of excessive speed and inadequate and inactive warning devices. However, Coney does not challenge the jury's determination that Coney sustained no damages or the district court's denial of Coney's motion for a new trial, which related to the damages issue. Thus, the determination that Coney has not sustained damages constitutes a final determination. Without the existence of damages, we must affirm the judgment of dismissal. We therefore will not review the federal preemption issues in this appeal.

## I. BACKGROUND

On November 15, 1994, a Union Pacific freight train collided with Alvin Coney's vehicle at a train crossing in Marianna, Arkansas. Coney brought suit against Union Pacific in the United States District Court for the Eastern District of Arkansas, alleging that the railroad failed to provide adequate warning devices, install or have in place active warning devices, sound the train's whistle, operate its train at an appropriate speed, and to keep a proper lookout.

Union Pacific filed a motion for partial summary judgment on the claims of inadequate warnings, failure to have active warning devices in place, and excessive speed, arguing that federal law preempted those claims. The district court granted Union Pacific's motion relating to inadequate and inactive warning devices, concluding

that federal law preempted those claims because the Secretary of Transportation provided federal funding for the installation of the original crossbucks at the crossing. The district court also granted partial summary judgment on Coney's excessive speed claim, concluding that the Union Pacific train operated at a slower speed than the federally imposed speed limit.

Coney tried his remaining negligence claims before a jury in May of 1997. At the conclusion of the trial, the jury returned a verdict in favor of Union Pacific after apportioning fault at fifty percent (50%) for both Coney and Union Pacific.[2] By special interrogatory, the jury also found that Coney had suffered "0.0" damages as a result of the accident. On this issue, Coney sought a new trial or an amendment of the judgment to reflect that he had sustained damages. Specifically, Coney asserted that "the jury's finding that Alvin Coney suffered no damages [was] clearly contrary to both the evidence introduced at trial and the admissions of Union Pacific . . . ." The district court denied Coney's motion, specifically ruling that "[t]he Court does not find the jury's verdict to be contrary to the evidence as to either liability or damages."

On appeal, Coney does not challenge that ruling. Rather, Coney only asserts that the district court should not have granted partial summary judgment on his warning device claims or his excessive speed claim. However, Coney did not appeal the denial of his motion for a new trial on the issue of damages. In addition, Coney did not raise as an issue on appeal (in his statement of issues or his opening brief) that the district court erred in rejecting the claim that Coney sustained damages.

_____

[2]Under Arkansas' comparative fault scheme, a plaintiff cannot recover any damages in cases where the plaintiff bears an equal or greater share of fault than the "parties from whom the claiming party seeks to recover damages . . . ." Ark. Code Ann. § 16-64-122 (b)(2) (Michie 1987 & Supp. 1997).

## II.    DISCUSSION

Union Pacific contends that this court need not address the preemption issues because Coney has failed to appeal the jury's adverse finding of "0.0" damages. Union Pacific explains that even if this court allowed Coney to pursue the preempted negligence claims, Coney could still not establish a negligence claim against Union Pacific because Coney remains bound by the jury's finding of zero damages. We agree.

Rule 28(a) of the Federal Rules of Appellate Procedure provides that an appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor . . . ." Fed. R. App. P. 28(a). "A party's failure to raise or discuss an issue in his [or her] brief is to be deemed an abandonment of that issue." Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 1985) (citations omitted). In this appeal, Coney did not challenge in his statement of issues or in his opening brief the jury's finding of zero damages. However, in his reply brief, Coney argues that the district court's errors, which Coney does challenge on appeal, may have affected the jury's finding of "0.0" in damages.

In his reply brief, Coney asserts that the evidence in this case overwhelmingly supported the fact that he suffered damages as a result of the accident.[3] Thus, Coney argues that the jury's finding of zero damages obviously resulted from the jury being confused between the issues of damages and liability. Specifically, Coney submits that the jury misunderstood that it must find zero damages because Arkansas' comparative fault scheme does not allow a plaintiff, such as Coney, to recover damages in cases where the plaintiff bears an equal or greater share of fault than the defendant. Coney in essence contends that if he could have presented the preempted theories of negligence at trial, the jury may have found greater fault on the part of Union Pacific.

---

[3]Coney alleged personal injury and damage to his automobile as a result of the collision with the Union Pacific train.

Consequently, Coney reasons, the jury would not have confused the liability and damages issues if the jury had attributed more than 50% of the fault to Union Pacific.

Coney fails to understand that the jury verdict of no damages--agreed to by the district court and not appealed to this court--now constitutes a final determination of that issue against Coney. Although certain evidence in the record suggests that Coney did suffer some amount of damage as a result of the accident, the status of the record requires this court to assume that Coney sustained no damages. This determination of no damages leaves Coney without a claim. Damages constitute an essential element of a negligence claim. Without damages, a negligence claim falls.

The Arkansas Supreme Court has stated, "[i]t is axiomatic that, to make a prima facie case of negligence, one of the elements a plaintiff must prove is that he or she sustained damages." Adams v. HLC Hotels, Inc., 941 S.W.2d 424, 425 (Ark. 1997) (citation omitted); see also Fought v. Hayes Wheels Int'l, Inc., 101 F.3d 1275, 1277 (8th Cir. 1996) (providing that to establish a prima facie case of negligence, under Arkansas law, a plaintiff must establish the existence of damages). In the present case, the record has established with finality that Coney did not suffer any damages. Without damages, it becomes immaterial whether the district court erred on the preemption issues because those issues pertain only to negligence. See Adams, 941 S.W.2d at 425.

## III.  CONCLUSION

We consider it unnecessary to reach the issue of whether federal law preempted some of Coney's negligence claims. The issue of damages has been judicially resolved against Coney and that resolution by the district court has become final. Accordingly, we affirm the judgment of dismissal of Coney's claims against Union Pacific.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.