# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3464EA

_____

E.D. Smith & Sons, Limited,      *

                                 *

         Appellee,           *

                                 *    On Appeal from the United

    v.                              *    States District Court

                                 *    for the Eastern District

                                 *    of Arkansas.

Arkansas Glass Container Corporation,     *

                                 *

         Appellant.        *

_____

Submitted: November 16, 2000

Filed: January 4, 2001

_____

Before WOLLMAN, Chief Judge, McMILLIAN and RICHARD S. ARNOLD, Circuit
     Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Arkansas Glass Container Corporation appeals from the District Court's[1] judgment against it in the amount of $108,623, following a jury trial. Arkansas Glass argues that the District Court erred in declining to apply comparative fault, as submitted

_____

[1]The Hon. Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

to and found by the jury, to reduce the amount of the judgment. We believe the District Court correctly applied state law and accordingly we affirm.

## I.

Arkansas Glass manufactures specialty glass jars. E.D. Smith & Sons, Ltd., bought glass jars from Arkansas Glass, filled them with marmalade, and sold approximately 6,000 cases to a food chain. A consumer who bought a jar of the marmalade complained that he cut his tongue on a sliver of glass from the jar. The food chain recalled and returned to E.D. Smith & Sons all the jars of marmalade. The chain demanded and received a refund in the amount of $194,226. E.D. Smith & Sons sold the returned jars of marmalade to a salvage concern for $20,673, and sought reimbursement from Arkansas Glass for the refund it paid the chain store less the salvage value, plus incidental expenses such as the cost of warehousing recalled marmalade.

Arkansas Glass refused to pay, and E.D. Smith filed this action in the District Court, asserting multiple theories of liability, including negligence, strict liability, breach of express warranty, and breach of implied warranties. The case was submitted to the jury on all these theories. The jury was also instructed on comparative fault. The jury found in favor of E.D. Smith on the strict-liability and implied-warranty claims, and in favor of Arkansas Glass on the negligence and express-warranty claims. Total damages sustained by E.D. Smith were found to be $108,623. The jury further found E.D. Smith to be 40% at fault, and Arkansas Glass to be 60% at fault.

Following post-trial briefing on the issue of apportioning the damages, the District Court determined that E.D. Smith's damages, as found by the jury, should not be reduced by the finding of comparative fault. Noting that the Arkansas Comparative Fault Act, Ark. Code Ann. § 16-64-122(a), provides for comparative fault in "all actions for damages for personal injuries or wrongful death or injury to property in

which recovery is predicated on fault," the Court held that this case did not come within the statute. The Court reasoned that the only injury to property involved the single defective jar. Final judgment was therefore entered for E.D. Smith in the amount of $108,623, and Arkansas Glass filed this appeal.

## II.

Arkansas Glass argues that this is an "injury to property" case, and thus the Arkansas Comparative Fault Act should have been applied to reduce the amount of damages by 40%. The jars were injured property, according to Arkansas Glass, because of the well-founded suspicion that all or many of them were defective.

Upon de novo review, see Salve Regina College v. Russell, 499 U.S. 225 (1991), we believe the District Court correctly applied Arkansas law. As to the Arkansas statute, see generally Henry Woods & Beth Deere, Comparative Fault 540-41 (3d ed. 1996). Although the Arkansas comparative fault statute on its face embraces warranty actions, the state courts have held that it does not apply when the damages are for economic loss. See Little Rock Elec. Contractors, Inc. v. The Okonite Co., 294 Ark. 397, 744 S.W.2d 381 (1988) (comparative fault does not apply to implied-warranty claim seeking replacement cost of defective goods and incidental damages). See also Ethyl Corp. v. BP Performance Polymers, Inc., 33 F.3d 23 (8th Cir. 1994) (holding that Iowa's comparative-fault statute, which is analogous to Arkansas's, did not apply to breach of warranty claims seeking reimbursement for the cost of goods that had been recalled due to customer complaints that some were defective).

Little Rock Elec. Contractors is highly persuasive authority. There, the plaintiff bought electrical cable supplied by the defendant. The plaintiff discovered punctures in the insulation surrounding some of the cable. The plaintiff sued to recover the cost of replacement cable and incidental damages. Although it could have been said that the cable was injured property, the Supreme Court of Arkansas held that the action was not

one for "injury to property" within the meaning of the Comparative Fault Act. The "plain language," 294 Ark. at 402, 744 S.W.2d at 382, of the statute required the conclusion that comparative fault did not apply to reduce the plaintiff's recovery. So here, although the glass jars could be said to be injured property, the real gist of the action is to recover E.D. Smith's business loss from having to take the jars back, not merely to recover the cost of rendering the jars, as jars, nondefective.

We conclude, as did the District Court, that this case is not one which involves physical harm to property, and thus that the Arkansas Supreme Court would not apply comparative fault to E.D. Smith's claim.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.