BART F. VIRDEN, Judge
Virginia Baker appeals the Craighead County Circuit Court jury's decision that neither party was negligent in the auto collision between herself and Lisa Trevathan. We affirm.
I. Facts
On April 21, 2015, Baker was driving in Jonesboro west on Phillips Drive through the intersection when she and Trevathan, who was traveling north on Caraway Lane, collided. Baker was taken by ambulance to the Northeast Arkansas Baptist Memorial Hospital emergency room where she was treated by Dr. William Baker, who is not related to her. Baker's car was disabled in the accident, and it was towed by Northeast Arkansas Towing. Her car was later released and stored at a lot in Weiner.
On May 16, 2016, Baker filed a complaint in which she alleged that Trevathan ran the red light and struck her car, causing physical injuries and damage to her car. Baker alleged $2500 in damages to her car, loss-of-use damages amounting to $200, and towing and storage expenses of $2,294.63. Trevathan filed an answer on *233 July 1, 2016, denying fault and alleging that Baker was at fault.
On November 3, 2016, Baker filed a motion in limine to exclude, among other things, any evidence regarding prescription medication she may be taking or had taken in the past. Baker filed a second motion in limine in which she argued that evidence relating to her prescription medication was immaterial to this lawsuit because "there is no proof as to any causal connection between medications and her driving ability at the time of the collision." Trevathan responded that evidence regarding recently filled prescriptions should be admitted because, "Plaintiff has asserted that she is required to refill all of her medications as an excuse of why she has bought months of medications, but supposedly has not taken them, which is relevant." Trevathan listed Baker's prescription medications and asserted that "each of these medications were in use at the time of the mishap."
In an amended complaint filed November 14, 2016, Baker alleged that she incurred $15,983.75 in ambulance, hospital, and doctor fees. In her second amended complaint, Baker reported $17,436.75 in medical bills. She also claimed $2500 for property damage and costs.[1]
The court held a hearing on the motions in limine. Baker argued that the prescription-medication testimony and evidence was irrelevant because there was no evidence that she had been impaired while driving. Baker asserted that evidence of any medications she obtained after the accident was irrelevant, and evidence of medication that she had possessed three weeks before the accident did not pertain to her driving ability on the day of the accident. Trevathan responded that she should be allowed to introduce prescription-medication evidence because it showed Baker's inattentive condition at the time of the accident, which caused her to fail to observe the red light.
The circuit court ruled that evidence regarding Baker's prescription medication that had been filled around the time of the accident was admissible because it was relevant to her state of mind, her reflexes, and her driving ability. The court excluded any evidence relating to prescriptions that had not been filled or that were "remote in time."
The trial was held on December 5, 2016. Jason Edison, a paramedic called to the scene of the accident, testified that in his written report he had noted that Baker had been alert and oriented and that she had complained of neck and back pain and shortness of breath. Edison recounted that there had been no change in Baker's mental status during the twenty-one minutes Edison attended to her, and he did not recall that she had appeared to be under the influence of any substance.
Dr. Baker offered the following relevant testimony: When he examined Baker after the accident, he had not noticed any slurred speech or any neurological deficit, and he did not remember thinking that she was under the influence of drugs or alcohol. He said that it is normal to be upset after a traumatic event, and if a patient is unable to recall his or her medications, a staff member calls the patient's pharmacy to get his or her current prescriptions. He further said that Baker's prescribed medications-Neurontin, Suboxone, Ativan, Klonopin and Soma-can cause drowsiness, *234 and a combination of any of them "could really make you sleepy." The medical records indicate that the treating nurse had documented that Baker had been adamant that she had not taken Suboxone, Soma, Ativan, Klonopin, or trazodone that day. There had been nothing about Baker that suggested she might have had trouble driving, and Dr. Baker had not observed any impairment or sleepiness.
Baker also testified at the trial. She stated that immediately before the accident, she had been talking to her son and had not noticed that the light had turned green. Baker heard a car horn sound, and her son told her that the light was green. Baker explained that she proceeded through the intersection, and about midway through, Trevathan's car collided with hers.
On cross-examination, Baker testified that she took prescription medication for back pain related to a preexisting condition and for anxiety; however, she had not taken her medications on the morning of the accident. Baker explained that it was her routine to abstain from taking her medication in the mornings and that she never took her medication if she would be driving that day. Baker stated that she regularly filled her prescriptions but that she did not take them as often as prescribed. Baker testified that she kept a diary of the medication she had taken and when she had taken it and that she had taken one Suboxone the night before the accident.
The parties also discussed the omission of the towing and storage charges from Baker's amended complaints. Baker argued that it was simply a mistake and that the last sentence had been inadvertently omitted. Baker also asserted that Arkansas's constitution sets forth that Arkansans are entitled to be compensated for their damages, and the language of the constitution does not limit damages; thus, towing and storage charges should be considered in damage calculations. Trevathan responded that Baker should not be allowed to amend her complaint at trial to include the request for such costs. Trevathan also pointed out that towing and storage costs are not elements of recoverable damages according to the AMI jury instruction. The court denied the admission of evidence and testimony regarding towing and storage costs and ruled that it did so because "I guess for the two reasons I said, the amendment to the complaint, and because I've got the statute, I guess I'll stand on my ruling."
The jury found that neither party had been negligent and did not award damages to either party. Baker's timely notice of appeal followed.
On appeal, Baker argues that the circuit court erred in admitting irrelevant prescription-medication evidence and testimony without any proof of impaired mental status and that she suffered prejudice from the court's error. Baker also argues that the circuit court erroneously excluded evidence regarding towing and storage costs based on its conclusion that those costs are not compensable elements of damage. We affirm.
II. Issues on Appeal
A. Relevance of the Evidence and Resulting Prejudice
We will not reverse the circuit court's decision to admit or refuse evidence in the absence of an abuse of that discretion and a showing of prejudice. Graftenreed v. Seabaugh , 100 Ark. App. 364, 370, 268 S.W.3d 905, 913 (2007). The balancing of probative value against prejudice is a matter left to the sound discretion of the circuit court, and its decision on such a matter will not be reversed absent a manifest *235 abuse of that discretion. Bedell v. Williams , 2012 Ark. 75, 386 S.W.3d 493. Rule 403 of the Arkansas Rules of Evidence precludes the admission of even relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice.
Baker argues that the instant case is similar to Wade v. Grace , 321 Ark. 482, 902 S.W.2d 785 (1995), in which our supreme court affirmed the circuit court's decision to exclude certain evidence. Wade involved a negligence action arising from a collision between a party barge and a ski boat. In Wade , there was evidence that six beer cans were in the water immediately after the accident, that the operator of the ski boat admitted to having one beer, and that he smelled of alcohol. The circuit court excluded this evidence on the ground that it would be unfairly prejudicial absent evidence that the ski boat operator was intoxicated. The facts of the instant case are similar because there is no evidence of Baker's intoxication or impairment at the time of the accident or immediately afterward; thus, any evidence regarding her prescription medication is irrelevant and should have been excluded.
Although Baker has demonstrated error, she must also show that the admitted evidence resulted in prejudice, which she cannot do; therefore, we must affirm. Without any showing of prejudice, any judicial error as to the admissibility of evidence is harmless error and cannot be grounds for disturbing a circuit court's order. Ark. R. Civ. P. 61 (2017); Campbell v. Entergy Ark., Inc. , 363 Ark. 132, 137, 211 S.W.3d 500, 504-05 (2005).
In her reply brief, Baker argues that she suffered prejudice because the admission of the prescription-drug evidence prevented her from receiving a fair trial. Baker defines a fair trial as "one likely to accomplish full justice within human limitations. 88 C.J.S. Trial § 2," and she asserts that "[a] jury verdict rendered by erroneously introduced evidence and testimony which is not only irrelevant but is highly prejudicial should not be upheld." Baker's argument is not well taken.
Without a finding of fault on Baker's part, she cannot show that the admission of irrelevant prescription-medication evidence resulted in prejudice to her. Our courts have consistently held that if no prejudice results from the erroneous admission of evidence, we will not reverse. See Billings v. Gipson , 297 Ark. 510, 763 S.W.2d 85 (1989) (holding that because no negligence was found by the jury, no prejudice resulted from the admission of evidence that Billings drank on the job and had a habit of doing so); Ray v. Murphy , 284 Ark. 512, 683 S.W.2d 916 (1985) (holding that even if an instruction is erroneously given, a jury verdict of not guilty of any degree of negligence renders it harmless).
On this point, we affirm.
B. Other Damages
Baker also argues that the circuit court erroneously excluded evidence of towing and storage costs; however, in light of our holding above, any issues related to the costs of towing and storing Baker's car are moot because the jury found that no one was at fault for destroying the car and rendering it undrivable. See Howard v. Adams , 2012 Ark. App. 562, 424 S.W.3d 337 (holding that the question of damages is moot once the lack of liability is determined).
Furthermore, we are precluded from review of this issue because Baker failed to challenge both of the grounds the circuit court relied on when it excluded towing and storage-costs evidence. The circuit court stated two bases to support its *236 denial of Baker's request to admit the towing and storage-costs evidence and testimony: (1) Baker's deficient amended complaints; and (2) that Arkansas Code Annotated section 27-53-401 (Repl. 2010) does not permit towing and storage fees in damage calculations. Baker contests the court's statutory-grounds finding but fails to address the court's finding that a claim for towing and storage fees had been omitted from the amended complaints. When two or more alternative reasons are given for a decision and an appellant challenges fewer than all of those grounds, we will affirm without addressing any of the grounds. Ark. Dep't of Cmty. Corr. v. Barclay , 2017 Ark. App. 214, at 6-7, 518 S.W.3d 138, 143. Therefore, this court must summarily affirm without addressing the merits.
Affirmed.
Klappenbach and Murphy, JJ., agree.

Paragraph V in the original complaint included a claim for towing and storage costs, but neither of the amended complaints referred to towing and storage costs. The amended complaint and second amended complaint do refer to the amendment of paragraph IV of the original complaint; however, Baker actually amended paragraph V.